IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 2:18-cr-00024-2

ASHLEY MILLER

MEMORANDUM OPINION AND ORDER

Pending before the court is Ashley Miller's pro se Motion for Recommendation Regarding Residential Reentry Center ("RRC") and/or Home Confinement Placement. [ECF No. 96]. Ms. Miller is currently incarcerated at FPC Alderson in Alderson, West Virginia. *Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/index.jsp (first name "Ashley," last name "Miller") (last visited Mar. 14, 2023). Her projected release date is December 15, 2024. *Id.* In her Motion, Ms. Miller asks the court to recommend to the Federal Bureau of Prisons ("BOP") that she be placed in an RRC, also known as a "halfway house," and/or in home confinement while serving the final twelve months of her sentence.[1] For the reasons stated herein, Ms. Miller's Motion is **DENIED**.

---

[1] Throughout the Motion, Ms. Miller indicates that she seeks placement in an RRC for twelve months *and* home confinement for twelve months, but for a total of twelve months of prerelease custody. [ECF No. 96, at 4 ("Ashley Miller respectfully requests that the court [recommend] to the BOP that Ashley Miller receive 12 months of prerelease custody, combining 12 months placement at an RRC and 12

Under 18 U.S.C. § 3624(c)(1), "[t]he Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust and prepare for . . . reentry . . . into the community." Such conditions may include a period of home confinement. 18 U.S.C. § 3624(c)(2). Prerelease custody determinations lie within the discretion of the BOP, which "has nearly exclusive jurisdiction" to place, house, transfer, and classify inmates. *Beckley v. Miner*, 125 F. App'x 385, 389 (3d Cir. 2005) (citing *United States v. Williams*, 65 F.3d 301, 307 (2d Cir. 1995); and then citing 18 U.S.C. § 3621(b)); *see also* 18 U.S.C. § 3624(c)(4). Nevertheless, a sentencing court "may issue a non-binding, strictly advisory recommendation regarding placement," which the BOP must consider when making its decision. *United States v. Smith*, No. 6:15-cr-00006-001, 2019 WL 4016211, at *3 (W.D. Va. Aug. 26, 2019) (citing *United States v. Patterson*, No. 2:00-cr-187, 2019 WL 127962, at *2 (E.D. Va. Jan. 8, 2019)); *United States v. Kenney*, No. 1:17-00195-004, 2020 WL 261237, at *1 (S.D. W. Va. Jan. 16, 2020) ("[T]he Second Chance Act . . . provides that, in designating the place of an inmate's imprisonment, the BOP shall consider 'any statement by the [sentencing] court . . . recommending a type of penal or correctional facility as appropriate.'" (quoting 18 U.S.C. § 3621(b)(4)(B))).

---

months placement in home confinement.")]. Ms. Miller files her Motion pursuant to 18 U.S.C. § 3624(c), which provides for up to twelve months of prerelease custody, of which up to six months may be served in home confinement. The court therefore construes Ms. Miller's Motion to seek a placement recommendation for a total of twelve months, divided between an RRC and home confinement.

In this case, the court declines to issue the recommendation sought. I commend Ms. Miller for her efforts to become "a respectable part of [her] community" upon release. [ECF No. 96, at 8]. But as other courts have observed, the BOP is best positioned to make prerelease custody placements given its familiarity with incarcerated individuals. *See, e.g., Smith*, 2019 WL 4016211, at *3 ("The BOP has far more information about how Defendant has done and is doing, and how she will likely do in the future, than this Court does."); *Castle v. Brown*, No. 5:21-cv-165, 2021 WL 4901712, at *2 (N.D. W. Va. Sept. 24, 2021) (contrasting the BOP, which "is familiar with the offender and his adjustment in prison, his current treatment needs, the available resources, and the other relevant considerations," with the sentencing court, which "operates only on a case-by-case basis, based on dated information, and lacking the BOP's expertise in such matters" (internal citation and markings omitted)); *cf. United States v. Jacko*, No. 14-cr-98, 2019 WL 398829, at *3 (E.D. Wis. Jan. 31, 2019) (noting that the court, unlike the BOP, had "*no* information about how many other inmates are scheduled for release at the same time as this defendant, about their post-release needs, about the availability of RRCs" (emphasis in original)). The court is certain that the BOP will give serious and thoughtful consideration to Ms. Miller's placement request and stresses that the court's decision not to make a recommendation does not in any way reflect negatively on the propriety of Ms. Miller's placement at an RRC or in home confinement.

Ms. Miller's Motion for Recommendation Regarding RRC and/or Home Confinement Placement [ECF No. 96] is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: March 15, 2023

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE